**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin Devescovi, John Doe,
and Dr. Jane Roe,

Plaintiffs,

Civil File No. 00-1211 (MJD/RLE)

v.

**MEMORANDUM AND ORDER**

Jesse Ventura, Governor of
the State of Minnesota,
Mike Hatch, Attorney General
of the State of Minnesota,
Timothy Favor, Beltrami
County Attorney, and
Robert D. Tell, Public Safety
Director of Bemidji, Minnesota,

Defendants.

---

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiffs commenced the underlying declaratory judgment action against Defendants. Plaintiffs request that this Court declare Minn. Stat. § 609.293 unconstitutional because it criminalizes voluntary acts of sodomy, including private consensual acts of sodomy regardless of sexual orientation, and therefore violates the fundamental right to privacy and right to intimate association under the United States Constitution. For the reasons that follow, the Court denies the parties' motions as moot.

**BACKGROUND**

In May of 1997, Plaintiff Kevin Devescovi ("Devescovi") and a female companion engaged in consensual oral sex at the Bottums Up Bar and Restaurant, which Devescovi

MAR 21 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

owned in Bemidji, Minnesota, after the bar had closed for the evening. That same evening, Plaintiff John Doe ("Doe") and a female acquaintance also engaged in consensual oral sex at the same bar. The couples were located in separate areas of the bar. These acts were recorded by the videotape surveillance cameras in the bar. While investigating a separate incident in March 1998, the Bemidji Police Department sought and received a search warrant for the Bottums Up Bar. During their search, the Bemidji Police discovered and seized from the bar's safe several tapes, including the videotape showing Plaintiffs' after hours encounter with the two women.

On July 13, 1998, Plaintiffs were charged with voluntarily engaging in or submitting to an act of sodomy, in violation of Minn. Stat. § 609.293. Minn. Stat. § 609.293 provides that:

> "Sodomy" means carnally knowing any person by the anus or by or with the mouth. . . . Whoever . . . voluntarily engages in or submits to an act of sodomy with another may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

On November 20, 1998, Devescovi entered a plea of guilty to misdemeanor alcohol consumption and operation after hours. Devescovi's judicial sentencing order also required that he not commit future offenses such as the ones with which he was charged. Following his guilty plea of misdemeanor alcohol consumption and operation after hours, the City of Bemidji did not renew Devescovi's liquor license.

Doe, unaware of the sodomy charge against him, did not respond. Accordingly, a

warrant issued for his arrest. Sometime thereafter, Doe was stopped in his vehicle in North Dakota, where he resides, as he was on his way to pick up his daughter from daycare. Although Doe was stopped for failing to have a front license plate, the officers soon discovered Doe's outstanding warrant for his arrest in Bemidji, Minnesota. The officers arrested Doe and took him to jail. Doe was required to appear in court in Bemidji the following week, in August 2000, to respond to the sodomy charge. Ultimately, the sodomy charge against Doe was dropped. Plaintiffs Devescovi and Doe fear future prosecution under Minnesota's sodomy statute. Plaintiff Doe also fears that the previous sodomy charge against him can be re-filed at any time because the matter was dismissed "without prejudice."

Plaintiff Dr. Jane Roe is a licensed psychologist and marriage and family therapist who practices sex therapy in St. Paul, Minnesota. Dr. Roe's contract with her patients indicates that mental health professionals are not permitted to collude in the commission of a crime. As part of her practice, Dr. Roe sometimes counsels her patients to engage in sexual activities that violate Minn. Stat. § 609.293. Dr. Roe fears that she could be prosecuted or face professional discipline because of the counseling she provides. Dr. Roe also fears that she could face additional liability for breaching her contract with her patients.

Plaintiffs and Defendants Minnesota Governor Jesse Ventura ("Ventura"), Minnesota Attorney General Mike Hatch ("Hatch"), and Bemidji Public Safety Director Robert Tell ("Tell") submit cross-motions for summary judgment. Default judgment was entered against Defendant Timothy Favor ("Favor") on September 28, 2000. Additionally, three attorneys

have filed an Amici Curiae brief on the basis that the ruling in Doe, et al. v. Ventura, et al., 2001 WL 543734, No. MC01-000489 (Dist. Ct. Hennepin County May 15, 2001)(Pierce, J.), renders the issue before this Court–the constitutionality of Minnesota's sodomy statute–moot. Plaintiffs move to strike the Amici Curiae reply memorandum because it was not served on Defendant Tell.

**DISCUSSION**

**Mootness**

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969); Arizonans for Official English v. Arizona, 520 U.S. 43, 66-67 (1997) (court may assume without deciding that standing exists in order to analyze mootness). This doctrine is derived from Article III's prohibition against federal courts issuing advisory opinions. North Carolina v. Rice, 404 U.S. 244, 246 (1971). After careful consideration, this Court finds that it cannot address the constitutionality of Minnesota's sodomy law because that issue was already addressed and decided by a Minnesota court, and thus, that issue is no longer "live." In Doe, et al. v. Ventura, et al., Plaintiffs brought suit against the State of Minnesota, Minnesota Governor Jesse Ventura, and Minnesota Attorney General Mike Hatch, challenging Minnesota's sodomy statute on state constitutional grounds. 2001 WL 543734, No. MC01-000489 (Dist. Ct. Hennepin County May 15, 2001)(Pierce, J.). The court declared the statute unconstitutional as applied to private, consensual, noncommercial acts

of sodomy by consenting adults because the statute violates the right of privacy guaranteed by the Minnesota Constitution. Id. The defendants, including the State of Minnesota and Attorney General Mike Hatch, never appealed that decision. Interestingly, a petition was filed to recall Attorney General Mike Hatch on the basis that he failed to defend the constitutionality of the sodomy statute, resulting in it being declared unconstitutional. In re Proposed Petition to Recall Hatch, 628 N.W.2d 125 (Minn. 2001)(holding that failure to defend constitutionality of statute in this case did not rise to nonfeasance). Thereafter, the district court certified a statewide plaintiff class to ensure that the benefits of its decision would be available to all proposed class members. Doe, et al. v. Ventura, et al., No. MC01-000489 (Dist. Ct. Hennepin County July 2, 2001).

An order or judgment becomes final and binding after the appellate process is terminated or the time for appeal has expired. Indianhead Truck Line v. Hvidsten Transp. Inc., 128 N.W.2d 334, 341 (1964). Jurisdiction of a Minnesota district court is not limited to any particular county but extends throughout the state. Panzram v. O'Donnell, 48 F. Supp. 74, 78 (D. Minn. 1942); see also 1 D. McFarland & W. Keppel, Minnesota Civil Practice § 712 (2d ed. 1990)("So far as jurisdiction over the subject matter is concerned, the several district courts stand upon equal footing in civil cases."). In this case, the Minnesota district court in Hennepin County issued a ruling on a matter of state law. Because the State of Minnesota or Attorney General Mike Hatch never appealed that decision, that decision is now binding state law. Accordingly, as it stands, Minnesota's sodomy law is unconstitutional

under Minnesota's constitution. Doe, et al. v. Ventura, et al., 2001 WL 543734, No. 01-000489 (Dist. Ct. Hennepin County May 15, 2001).

The parties in this case argue mightily the position that Beltrami County is not bound by the decision of the district court in Hennepin County because it was not named as a defendant in that lawsuit. After careful consideration, the Court finds little merit in that argument. It has been held that counties are "organized as political subdivisions of the state for governmental purposes." Hitchcock v. Sherburne County, 34 N.W.2d 342, 344 (1948). As Plaintiffs in Doe v. Ventura pointed out, every prosecution for sodomy is brought on behalf of the State of Minnesota. See No. MC01-000489 (Dist. Ct. Hennepin County July 2, 2001) at 9 (citing State of Minnesota v. Kemmer, C6-00-1402 (Minn. Ct. App. Apr. 10, 2001)). See also State of Minnesota v. Devescovi, K6-98-861 (Dist. Ct. Beltrami County Nov. 20, 1998); Flint Aff., Exs. 8 & 9 (criminal complaints against Devescovi and Doe listing the State of Minnesota as Plaintiff). In such proceedings to enforce Minnesota state law, "the state is represented by the county attorney." State v. House, 192 N.W.2d 93, 95 (1971); see also Minn. Stat. § 388.051. Additionally, in cases involving constitutional questions where the state is not a party, the Minnesota Rules of Appellate Procedure require only that the Attorney General, not county and city attorneys, be notified. Fed. R. App. P. 144. Accordingly, the Court concludes that Beltrami County is bound by the decision in Doe, et al. v. Ventura, et al., 2001 WL 543734, No. MC01-000489 (Dist. Ct. Hennepin County May 15, 2001).

For these reasons, this Court cannot address the constitutionality of Minnesota's sodomy statute on federal constitutional grounds. Indeed, "[i]t is well-settled that federal courts may act only in the context of a justiciable case or controversy." SEC v. Med. Comm. for Human Rights, 404 U.S. 403, 407 (1972)(citation omitted). Here, there is none.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Motion for leave by Amici Curiae to file memorandum on suggestion of mootness (Clerk Doc. No. 53) is **GRANTED**;
2. Plaintiffs' Motion for Summary Judgment (Clerk Doc. No. 33) is **DENIED AS MOOT**;
3. Defendants' Motions for Summary Judgment (Clerk Doc. Nos. 38 & 45) are **DENIED AS MOOT**;
4. Plaintiffs' Motion to Strike the Amici Curiae reply brief (Clerk Doc. No. 57) is **DENIED AS MOOT**; and
5. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 20, 2002

Michael J. Davis
Michael J. Davis
United States District Court Judge